UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 11-20129

PAUL ANTHONY DARRAH,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S "MOTION TO REMOVE THE PROTECTIVE ORDER AS ITS CONTINUED IMPLEMENTATION IS VIOLATING DEFENDANT PAUL DARRAH'S RIGHT TO PREPARE A DEFENSE AND RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL"**

Before the court is a motion filed by Defendant Paul Darrah entitled "Motion to Remove the Protective Order as its Continued Implementation Is Violating Defendant Paul Darrah's Right to Prepare a Defense and Right to the Effective Assistance of Counsel." (Dkt # 948.)

Defendant complains, through counsel, that he is not being afforded sufficient opportunities to review the government-provided discovery while lodged at the Wayne County Jail. The Government opposes the motion. The court heard argument on the motion, and numerous proffered facts, on September 19, 2014, and has received further research relative to the assertions offered in support and in opposition.

Early on, the court entered a Protective Order governing the discovery in this case, which, as counsel for Darrah says in her motion,

> "completely eliminat[ed] Defense Counsel's usual dissemination of discovery material to her client-namely, making copies of the materials provided, sending them to Mr. Darrah and allowing him to review those materials through-out the

> days, weeks, months and years of his confinement. Due to the Protective Order, all discovery materials were loaded onto an IPAD device."

(Dkt. # 947, Pg ID 4203.)

Defendant's counsel complains that Wayne County Jail policies and protocols, although allowing supervised use of the iPad device, restrict its availability to two hours a day, five days a week. Defendant's counsel explains:

> At no time is Mr. Darrah allowed to review the materials in his room or on the week-ends. The security measures at the Wayne County Jail mandate that Mr. Darrah is taken from the infirmary, brought to the second floor of the jail-which houses the command staff-placed at a table under the supervision of a corrections official while he reviews the materials.

*Id.*

The court stated at the hearing on the record that it would look into the allegation that Defendant Darrah was being unduly restricted in his use of the iPad, and has done so, having requested that the Marshal, in whose custody Defendant remains, to investigate the situation relative to the history of the iPad use in the Wayne County jail.

The Marshal soon provided the court a copy of a log sheet from the Wayne County Jail that recorded the opportunities that Defendant Darrah has had to review materials. The log sheet has been appended to this Opinion as Exhibit A. The court has no reason to doubt the accuracy of the materials recorded over the approximately year and one-half Darrah has been lodged at Wayne County. The log sheet shows that, as Darrah's counsel proffered, approximately two hours per day, excluding weekends and other situations (e.g., "meeting with attorney"; "gone to court, etc.") have been allocated by Wayne County jailers to Darrah's iPad discovery review.

The log sheet also shows that *on no fewer than seventy-four occasions, Darrah refused the opportunity to review material.* Occasionally it appears that he cited

"toothache" or "not feeling well" as a reason to refuse, but even ignoring those few health-related issues, his repeated refusals appear to amount to at least one hundred and fifty hours of document review voluntarily foregone by Defendant since record keeping commenced on these log sheets, or about October 18, 2013.[1]

It does not appear to the court that Darrah is proceeding in good faith with respect to his complaints about access to information.  Given his fairly apparent lack of effort, illustrated by this history, the court finds no sound basis on which to lift the copying restrictions at issue in his motion.  Accordingly,

IT IS ORDERED that Defendant's motion (Dkt. # 948) is DENIED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  September 23, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 23, 2014, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-20129.DARRAH.Lift_Prot_Order_Restrictions_DENY.wpd

---

[1]  The court counts about seventy-one occasions in which Defendant did avail himself of the opportunity to review.  It therefore seems to have been just about a coin flip as to whether Defendant would agree or refuse to review on any given day.