UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-

**SCOTT WILLIAM SUTHERLAND (D-1)**,
    Defendant.

File No. **11-20129**

Hon. **Robert H. Cleland**

---

| | |
|---|---|
| **SAIMA S. MOHSIN (P73990)**<br>**ERIC STRAUSS (P38266)**<br>Assistant U.S. Attorney<br>211 W. Fort, Suite 2001<br>Detroit, Michigan 48226<br>Phone: (313) 226-9163<br>Mail: Saima.Mohsin@usdoj.gov | **CRAIG A. DALY, P.C. (P27539)**<br>Attorney for Defendant Scott W. Sutherland<br>615 Griswold, Suite 820<br>Detroit, Michigan 48226<br>Phone: (313) 963-1455<br>E-Mail: 4bestdefense@sbcglobal.net |

## JOINT MOTION IN LIMINE TO STRIKE FROM THE CONSOLIDATED REDACTED INDICTMENT IRRELEVANT, INADMISSIBILE OR PREJUDICIAL ALLEGATIONS

Defendant, Scott Sutherland, along with all the Defendants in Group I, Patrick Michael McKeoun, Jeff Garvin Smith, Paul Anthony Darrah, Cary Dale Vandiver, Vincent John Witort and David Randy Drozdowski moves this Honorable Court pursuant to Fed. R. Crim. P 12 (b) (2), Fed. R. Evid. 401, 402, 403, US Const., Am VI and the *In Limine* Doctrine of *Luce v. United States*, 469 US 38.40, 2 (1984) to exclude from the consolidated redacted indictment the following:

1

1. On September 24, 2014, the government presented to defense counsel a seventy-seven (77) page consolidated redacted indictment.
2. At that time, the Court indicated it intended to permit the consolidated redacted indictment to be submitted to the jury at the outset of the case.
3. In a text-only order issued on September 26, 2014, the Court accepted the redacted indictment for filing, noting the consolidated redacted indictment contained only the outstanding charges against the Defendants in Group I.
4. On September 27, 2014, the government submitted an "updated" redacted consolidated indictment which included a list of unindicted co-conspirators and victims and consists of seventy-nine (79) pages.
5. Both the original and updated redacted consolidated indictment go far beyond informing the jury of the charges and elements and include matters that are:
    a. irrelevant for purposes of informing the jury of the charges,
    b. inadmissible at trial,
    c. beyond the elements of the charges,
    d. simply the government's theory,
    e. unduly prejudicial,
    f. an unlawful amendment to the third superseding indictment,
    g. a violation of the Defendants' constitutional rights of confrontation and a fundamentally fair trial.
6. The Defendants seek further redaction to exclude:

In Part I, Count 1:

    a. <u>Structure of the enterprise and roles of the Defendants</u>, paragraph 8, pp. 3-8.
    b. <u>Overt Acts,</u> paragraphs 1 through 201, PP. 13-47.

COUNT 2:

    A. <u>Overt Acts</u>, paragraphs 1 through 21, pp. 56-61.

In Part II, Count One:

    A. <u>Overt Acts</u>, paragraphs 17 through 25, pp. 72-74.

In the "Updated" Consolidated Redacted Indictment:

Unindicted co-conspirators and victim list, pp. 78-79.

7. The Defendants waive their presence for purpose of this Motion. However, they requests that a hearing be held wherein counsel can be heard.

8. Concurrence was sought and denied.

9. The factual and legal basis for this motion are set forth in the attached Brief, which is incorporated by reference into this motion.

WHEREFORE, the Defendants requests that the Court grant the relief requested in this Motion.

                                          Respectfully submitted,

                                          s/***Craig A. Daly***
                                        **CRAIG A. DALY, P.C. (P27539)**
                                        Attorney for Defendant Sutherland
                                        615 Griswold, Suite 820

Detroit, Michigan 48226
Phone: (313) 963-1455
Fax: (313) 961-4315
E-Mail: 4bestdefense@sbcglobal.net

Dated: October 6, 2014

/s/ Sidney Kraizman
**Sidney Kraizman (P16199)**
Kraizman & Kraizman
Attorney for Patrick M. McKeoun
1616 Ford Building
Detroit, MI 48226
313-961-7078
sidkraizman@sbcglobal.net

/s/ Jerome Sabbota
**Jerome Sabbota (P25892)**
Ribitwer & Sabbota
Attorney for Jeff Gavin Smith
26862 Woodward Ave., Suite 200
Royal Oak, MI 48067
248-543-8000
ribitwersabbota@hotmail.com

/s/Patricia M. Maceroni
**Patricia A. Maceroni (P44124)**
**Attorney for Paul A. Darrah**
26611 Woodward Ave.
Huntington Woods, MI 48070
248-541-5200
248-541-9456 (fax)
pattymac63@hotmail.com

/s/ Kimberly W. Stout
**Kimberly W. Stout (P38588)**
**Attorney for Vincent J. Witort**
370 East Maple Rd., Third Floor
Birmingham, MI 48009
248-258-3181
wadesmom1@aol.com

4

/s/ Ryan H. Machasic
**Ryan H. Machasic (P70251)**
Ryan H. Machasic, PC
Attorney for David R. Drozdowski
134 Market Street
Mount Clemens, MI 48043
586-914-6140
machasiclaw@gmail.com


/s/ Mark A. Satawa
Mark A. Satawa (P47021)
Attorney for Cary Vandiver
3000 Town Center, Ste. 1800
Southfield, MI 48075
(248) 356-8320
mark@kirschandsatawa.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-

**SCOTT WILLIAM SUTHERLAND (D-1),**
    Defendant.

File No. **11-20129**

Hon. **Robert H. Cleland**

---

| | |
|---|---|
| **SAIMA S. MOHSIN (P73990)**<br>**ERIC STRAUSS (P38266)**<br>Assistant U.S. Attorney<br>211 W. Fort, Suite 2001<br>Detroit, Michigan 48226<br>Phone: (313) 226-9163<br>Mail: Saima.Mohsin@usdoj.gov | **CRAIG A. DALY, P.C. (P27539)**<br>Attorney for Defendant Scott W. Sutherland<br>615 Griswold, Suite 820<br>Detroit, Michigan 48226<br>Phone: (313) 963-1455<br>E-Mail: 4bestdefense@sbcglobal.net |

---

**BRIEF IN SUPPORT OF JOINT MOTION IN LIMINE
TO STRIKE FROM THE CONSOLIDATED
REDACTED INDICTMENT IRRELEVANT,
INADMISSIBILE OR PREJUDICIAL ALLEGATIONS**

## TABLE OF CONTENT

                         PAGE

INDEX OF AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF ISSUE . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . iii

STATEMENT OF CONTROLLING AUHTORITY . . . . . . . . . . . . . . . . . iv

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . 2

RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . 6

# INDEX OF AUTHORITIES

## FEDERAL CASES

Page

U.S. V. Shabin, 513 US 10, 13-14 (1946) ....................... 4

Salina c. United States, 522 US 52, 65 (1997) ............................ 4
United States v. Saadey, 939 Fed 699, 677 (6th Cir. 2005) .................. 4
Crawford v. Washington 54 US 136 (2004) ............................. 5

Coy v. Iowa, 487 US 1012 (1988) ...........................................5
United States v. Gomez-Lemos, 939 F3d 326, 331 (5th Cir. 1991) ..........5
Spencer v. Texas, 385 US 554, 563-564 (1967) ............................. 5
Russell v. United States, 369 US 749, 770 (1962) ........................5
United States v. Ford, 872 F2d 12231, 1235 (6th Cir. 1989) .................5
United States v. Maselli, 534 F2d 1197, 1203 (6th Cir. 1976) ............... 5-6

## FEDERAL STATUTES AND RULES

18 U.S.C. §1562 (d) .......................................4
21 U.S.C. § 846 .........................................4

## STATEMENT OF ISSUE

SHOULD THIS COURT EXCLUDE FROM THE CONSOLIDATED REDACTED INDICTMENT MATTERS THAT ARE INADMISSIBLE, IRRELEVANT AND PREJUDICIAL?

## STATEMENT OF CONTROLLING AUTHORITY

Fed. R. Evidence, 401, 402, 403
US Const. Am VI

# STATEMENT OF FACTS

On September 24, 2014, the government presented to defense counsel a seventy-seven (77) page consolidated redacted indictment. At that time, the Court indicated it intended to submit the consolidated redacted indictment to the jury at the outset of the case. In a text-only order issued on September 26, 2014, the Court accepted the redacted indictment for filing, noting the consolidated redacted indictment contained only the outstanding charges against the Defendants in Group I. On September 27, 2014, the government submitted an "updated" redacted consolidated indictment which included a list of unindicted Co-conspirators and victims and consists of seventy-nine (79) pages.

## ARGUMENT

### SUBMISSION OF THE REDACTED INDICTMENT WILL DEPRIVE DEFENDANTS OF THEIR CONSTITUTIONAL RIGHTS TO CONFORMATION, DUE PROCESS AND A FUNDAMENTALLY FAIR TRIAL BECAUSE THE REDACTED INDICTMENT CONTAINS INADMISSIBLE, IRRELEVANT, UNDULY PREJUDICIAL INFORMATION AND AN UNLAWFUL AMENDMENT TO THE THIRD SUPERSEDING INDICTMENT.

Once the government submitted a consolidated redacted indictment to counsel on September 24, 2014, the Court indicated it would submit a copy to the jury at the onset of the case. Subsequently, the Court accepted the consolidated redacted indictment for filing and the government submitted an "updated" consolidated redacted indictment listing "unindicted co-conspirators and victim listing" to the document. The Defendants now object on constitutional and evidentiary grounds.

Presumably, providing a copy of the indictment to the jury is intended to assist them in identifying the charges and the necessary elements of the charges. It seems axiomatic that it should not be an

opportunity for the government to submit to the jury, matters that will not be placed into evidence, matters that represents the government's theory, matters that are not essential to the government's obligation to establish the elements of the crimes, matters that are irrelevant or unduly prejudicial, and matters that violate the Defendants' rights of confrontational and a fundamentally fair trial. By way of one single example, the first overt act of Count I, pp. 13-14 alleges a murder of Charles Isler by William Bartell on August 14, 1993 in the DDMC'S Cadillac Clubhouse in Clam Lake Township, Michigan. William Bartell is not a Defendant, not a co-conspirator and Charles Isler is not a victim, according to the government. The overt acts list various other murders, assaults, drug transactions and other criminal activity that do not involve these Defendants, any other co-defendants, any listed co-conspirators or victims. It should be evident, that the government will not offer evidence on each and every overt act in the indictment (and if they do, the defendants will seek exclusion of those that are not relevant or admissible). Nor are they required to. As the government has previously stated, the overt acts are not

necessarily racketeering activities that the government must prove as alleged in the indictment. And to the state the proposition in a simple, straight forward fashion, the government needs not allege or prove a single overt act for any of the conspiracies charged in the indictment. See, *United States v. Shabani*, 513 US 10, 13-14 (1946); *Salinas v. United States*, 522 US 52, 65 (1997) (conspiracy to commit racketeering offenses (18 U.S.C. §1562 (d) and conspiracies to commit substance offenses (21 U.S.C. § 846) do not require allegations or proof of an overt act), *United States v. Saadey*, 393, Fed 3d 669, 677 (6th Cir. 2005) Thus, not surprisingly, Count 3 of this indictment, conspiracy to manufacture, distribute, and possess with the intent to distribute controlled substances, does not allege a single overt act. There is simply no need to place information before the jury, in the form of a written government document that contains matters that are not legally (or factually) required. Certainly, if the Defendants sought to introduce their written theory at the outset and listed everything we wanted the jury to be aware of, whether it was admissible, necessary or subject to testing during trial by the government, such a request would be denied out-

of-hand.

The submission of the proposed consolidated redacted indictment also infringes on the Defendants' rights of conformation and to a fundamentally fair trial. US Cont. Am VI; See, *Crawford v. Washington*, 54 US 136 (2004); *Coy v. Iowa*, 487 US 1012 (1988); *United States v. Gomez-Lemos*, 939 F3d 326, 331 5th Cir. (1991); *Spencer v. Texas*, 385 US 554, 563-564 (1967) (due process requires "the fundamental elements of fairness in a criminal trial").

Finally, the "updated" consolidated redacted indictment constitutes an unlawful amendment to the indictment. US Const. Am V, *Russell v. United States*, 369 US 749, 770 (1962) (an indictment returned by a grand jury may only be amended upon resubmission to the grand jury); *United States v. Ford*, 872 F2d 12231, 1235 (6th Cir. 1989) (amendment of the terms of the indictment after grand jury has passed on them is per se prejudicial and reversible).

The Defendants are not opposed to the Court reading those portions of the indictment, subject to the redactions identified herein, to the jury to inform them of the nature of the charges, and

in order to protect the substantial rights of the defendants. See, *United States v. Maselli*, 534 F2d 1197, 1203 (6th Cir. 1976) (There is no requirement that the jury be furnished a copy of the indictment, especially when the Court instructs the jury on the charges and elements of each offense and better practice is not to submit the indictment to the jury in writing since it is not evidence).

WHEREFORE, Defendants requests this Court grant the relief requested.

          Respectfully submitted,
          s/*Craig A. Daly*
          **CRAIG A. DALY, P.C. (P27539)**
          Attorney for Defendant Sutherland
          615 Griswold, Suite 820
          Detroit, Michigan 48226
          Phone: (313) 963-1455
          Fax: (313) 961-4315
          E-Mail: 4bestdefense@sbcglobal.net

Dated: October 6, 2014

          /s/ Sidney Kraizman
          **Sidney Kraizman (P16199)**
          Kraizman & Kraizman
          Attorney for Patrick M. McKeoun
          1616 Ford Building
          Detroit, MI 48226
          e313-961-7078
          sidkraizman@sbcglobal.net

/s/ Jerome Sabbota
**Jerome Sabbota (P25892)**
Ribitwer & Sabbota
Attorney for Jeff Gavin Smith
26862 Woodward Ave., Suite 200
Royal Oak, MI 48067
248-543-8000
ribitwersabbota@hotmail.com

/s/Patricia M. Maceroni
**Patricia A. Maceroni (P44124)**
**Attorney for Paul A. Darrah**
26611 Woodward Ave.
Huntington Woods, MI 48070
248-541-5200
248-541-9456 (fax)
pattymac63@hotmail.com

/s/ Kimberly W. Stout
**Kimberly W. Stout (P38588)**
**Attorney for Vincent J. Witort**
370 East Maple Rd., Third Floor
Birmingham, MI 48009
248-258-3181
wadesmom1@aol.com

/s/ Ryan H. Machasic
**Ryan H. Machasic (P70251)**
Ryan H. Machasic, PC
Attorney for David R. Drozdowski
134 Market Street
Mount Clemens, MI 48043
586-914-6140
machasiclaw@gmail.com

/s/ Mark A. Satawa
Mark A. Satawa (P47021)
Attorney for Cary Vandiver
3000 Town Center, Ste. 1800
Southfield, MI 48075
(248) 356-8320
mark@kirschandsatawa.com