**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No.    11-20129

PAUL DARRAH,

    Defendant.

                                                 /

**ORDER DENYING MOTIONS TO SUPPRESS WIRETAPS**

Before the court is Defendant Paul Darrah's motions to suppress evidence obtained through one wiretap, and six extensions thereof, authorized by United States District Judge Paul D. Borman. The Government applied for and received authorization to conduct electronic surveillance pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510, et seq. As a result of continuing investigations after these interceptions came to an end, Defendant Darrah and numerous members of the "Devils Diciples Motorcycle Club" were charged in a multi-count Indictment.

Defendant Darrah moved for, and court granted, permission to expand the time available to file pretrial motions. He then moved to suppress the evidence obtained as a result of these wiretaps.[1] He claims an absence of probable cause, the absence of

---

[1]Certain Defendants attempted to join Darrah's motions to suppress. Each such joinder is late and not accompanied by a motion to allow late filing. In any event, even if a Defendant had timely moved for relief by joining this motion, the joining Defendant's motion would be disposed of in the same manner as that argued by Darrah's counsel.

necessity, and the provision of false statements justifying a *Franks* hearing. *Franks v. Delaware*, 438 U.S. 154 (1978). The court conducted a hearing on August 5, 2014.

The court has considered and evaluated Defendant's challenges to these Title III intercepts. For the reasons stated on the record at the conclusion of the hearing, and summarized below, Defendant's motions to suppress are denied.

### A. TITLE III

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 18 U.S.C. §§ 2510–2522, establishes a three-tiered procedure for obtaining authorization to intercept wire or oral communications. Strict adherence to these procedural steps is a prerequisite to issuance of a wiretap order. *United States v. Giordano*, 416 U.S. 505 (1974). First, a duly authorized law enforcement officer must obtain approval from the United States Attorney General or a specifically designated Assistant Attorney General in order to apply to a federal judge for a wiretap. *See* 18 U.S.C. § 2516(1). Second, once such approval is obtained, the officer must present to the judge a written application for a wiretap. 18 U.S.C. § 2518(1). Third, the judge must make certain enumerated findings and may issue an ex parte order containing specified elements. See 18 U.S.C. § 2518(3). Title III further provides for the suppression of all evidence derived from a wiretap if "the communication was unlawfully intercepted," or "the order of authorization or approval under which it was intercepted is insufficient on its face," or "the interception was not made in conformity with the order of authorization or approval." 18 U.S.C. § 2518(10)(a).

Defendant Darrah moves to suppress the intercepted communications on the grounds that: (1) the Government's applications and affidavits in support of the initial wiretap —and each of the six extensions— are facially insufficient, fail to satisfy the "necessity" requirement set forth in 18 U.S.C. §§ 2518(1)(c) and (3)(c); (2) and in at

2

least one respect contain material misrepresentations and omissions that negate or vitiate the "necessity" and probable cause findings.

## B. DISCUSSION

A wiretap authorization order is presumed proper and the defendants have the burden of overcoming that presumption. *United States v. Castillo–Garcia*, 117 F.3d 1179, 1186 (10th Cir. 1997); *see also, generally, United States v. Feldman*, 606 F.2d 673, 679 n. 11 (6th Cir.1979) ("It is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression."). Title III requires that the Government's wiretap application include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). In addition, the issuing judge must find that "[n]ormal investigative procedures have been tried and have failed or reasonably appear to be either unlikely to succeed if tried or are too dangerous." 18 U.S.C. § 2518(3)(c). The more intrusive device of wiretapping is not appropriate in situations where traditional and less intrusive investigative techniques would suffice.

"[C]onsiderable discretion' rests with the issuing judge in deciding whether other investigative methods might be successfully employed." *United States v. Landmesser*, 553 F.2d 17, 20 (6th Cir. 1977) (citations omitted). The "government's burden of establishing compliance with (subsection 2518(1)(c)) is not great." *Id.* (citing *United States v. Anderson*, 542 F.2d 428, 431 (7th Cir. 1976)).

Defendant's arguments that the wiretaps failed to satisfy the necessity requirement comprise, first, a facial challenge to the sufficiency of the Affidavits in support and, second, an assertion that the Affidavits contain material misstatements

3

and omissions. As to the facial challenges, analysis is confined to the information before Judge Borman. The second challenge is addressed under the framework of *Franks v. Delaware*, 438 U.S. 154 (1978). Under *Franks,* a defendant is entitled to a hearing if he makes a "substantial preliminary showing" that a "false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155–56,

Both challenges fail. During the hearing, the court reviewed the initial wiretap, as well as each subsequent extension. The court heard argument from counsel and addressed each affidavit and wiretap order in turn. With respect to each wiretap, the court found that the Government had established legal necessity and probable cause to support Judge Borman's order. Traditional investigative means were considered and were correctly deemed insufficient to meet the Government's legitimate need of uncovering the extent of the alleged criminal enterprise, the potential participants, and determining how the enterprise functioned. The detailed affidavits offered in support of the wiretap applications were thorough and provided an ample basis for a finding of both probable cause and necessity. 18 U.S.C. § 2518(3)(c).

Additionally, Defendant was unable to persuade the court that the affiant made omissions or material misrepresentations to justify a full *Franks* hearing. The alleged misrepresentations and omissions, even if accepted, would not be material to a necessity finding. The Government has not engaged in a deliberate attempt to mislead the court and subvert the purposes of 18 U.S.C. § 2518. While Defendant identified some information that was omitted from the affidavits, he did not demonstrate that the affiant failed to include this information because of an intent to misrepresent the facts or mislead Judge Borman. The alleged misrepresentations and omissions —analyzed

4

separately or in their totality—would not negate the necessity and probable cause for the wiretaps. There is no basis to suppress evidence from any of the wiretaps under *Franks.*

## C.  CONCLUSION

For the reasons more fully stated on the record, IT IS ORDERED that Defendant Darrah's motions to suppress [Dkt. ## 822 & 823] are DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2014, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
