UNITED STATES OF AMERICA
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**D-17 DAVID RANDY DROZDOWSKI, et al.**

Crim. No. 11-20129

Hon. Robert H. Cleland

### DEFENDANTS' MEMORANDUM IN SUPPORT OF PERMITTING THE DEFENDANTS TO FULLY EXAMINE GOVERNMENT WITNESSES

    Defendant, David Randy Drozdowski, through his counsel, Ryan Hugh Machasic, respectfully submits this Memorandum in support of the ability of defense counsel's ability to fully cross-examine witnesses called in the Government's case-in-chief and to seek admission of exhibits through such witnesses.

    The United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him…." U.S.Const., Amend. VI.  In *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the Court reversed a burglary and grand larceny conviction where the defendant was denied the ability to cross examine a prosecution witness regarding his status a juvenile probationer for burglary, where such status could be used to show that the witness cooperated with police out of fear of jeopardizing his probationary status. *Id*. at 311.  As to cross-examination, the Court held that "Cross-examination is the principal

means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness." *Id*. at 316.

However, the Sixth Amendment does not guarantee unlimited cross-examination; "a trial court has discretion to limit the scope of cross-examination …[including] to impose limits based on concerns about harassment, prejudice, confusion of the issues ... or interrogation that is repetitive or only marginally relevant." *Boggs v. Collins,* 226 F.3d 728, 736 (6th Cir.2000), *cert. denied,* 532 U.S. 913, 121 S.Ct. 1245, 149 L.Ed.2d 152 (2001) (citing *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)).  Yet, a trial court's discretion in limiting cross-examination must not interfere with a defendant's Constitutionally guaranteed rights, one of which is to confront the witnesses against him.  *Alford v. United States*, 282 U.S. 687, 691-92,  51 S.Ct.  218,  75 L.Ed. 624 (1931)(" Cross-examination of a witness is a matter of right.").

To the extent that limitations are imposed upon the cross-examination of Government witnesses regarding topics that, while not the subject matter of direct examination, are relevant, the orderly and efficient introduction of proofs is inhibited. FRE 611 states:

> **(a) Control by the Court; Purposes.** The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>
> **(1)** make those procedures effective for determining the truth;

>**(2)** avoid wasting time; and
>
>**(3)** protect witnesses from harassment or undue embarrassment.
>
>**(b) Scope of Cross-Examination.** Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. The court may allow inquiry into additional matters as if on direct examination.
>
>**(c) Leading Questions.** Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions:
>
>**(1)** on cross-examination; and
>
>**(2)** when a party calls a hostile witness, an adverse party, or a witness
>
>identified with an adverse party.

The 1972 Advisory Committee note to Subsection B states that the consideration of "economy of time and energy" weighs heavily in favor of allowing wide latitude in permitting cross examination that is relevant to the case-at-bar, though not a topic of direct examination.  Citing Professor McCormick, the Advisory Committee notes that permitting wide latitude in cross-examination prevents "continual bickering over the choice of the numerous variations of the 'scope of the direct' criterion."  Further, the 1974 Advisory Committee note indicates that, while the Supreme Court had requested a broad cross-examination rule, the Committee opted for the narrower rule as being generally applicable, but allowing the trial judge broad latitude in expanding cross examination beyond the scope of direct examination where it would lead to a more efficient and orderly presentation of evidence. "Although there are good arguments in support of broad cross-examination from perspectives of developing all relevant evidence, we believe the factors of insuring an orderly and predictable development of the evidence weigh in favor of the narrower rule, especially when discretion is given to

the trial judge to permit inquiry into additional matters. The committee expressly approves this discretion and believes it will permit sufficient flexibility allowing a broader scope of cross-examination whenever appropriate." *Id*.

Here, the anticipated length of the Government's case-in-chief is 3 to 4 months, with 127 witnesses.  After that, each defendant will be entitled to present his defense through witnesses and other evidence.  It would be in the interests of judicial economy, orderly presentation of evidence, and avoidance of confusing the jury to allow the defendants to elicit testimony and submit exhibits during cross-examination of the Government's witnesses, rather than requiring that a defendant place the same witness on the stand months from now.

Respectfully submitted,

*s/ Craig Daly*
Attorney for Defendant Sutherland
615 Griswold St., Ste. 820
Detroit, MI 48226
313.963.1455
4bestdefense@sbcglobal.net

*s/ Jerome Sabbota*
Attorney for Defendant Smith
26862 Woodward Ave., Unit 200
Royal Oak, MI 48067
248.543.8000
jerry@ribitwersabbota.com

*s/ Mark Satawa*
Attorney for Defendant Vandiver
3000 Town Center, Ste. 1800
Southfield, MI 48075
248.356.8320
mark@kirschandsatawa.com

*s/ Sidney Kraizman*
Attorney for Defendant McKeoun
615 Griswold St., Ste. 1616
Detroit, MI 48226
313.961.7078
sidkraizman@sbcglobal.net

*s/ Patricia Maceroni*
Attorney for Defendant Darrah
26611 Woodward Ave.
Huntington Woods, MI 48070
248.541.5200
pattymac63@hotmail.com

*s/ Kimberly Stout*
Attorney for Defendant Witort
370 E. Maple Rd., 3rd Floor
Birmingham, MI 48009
248.258.3181
wadesmom1@aol.com

4

| | |
|---|---|
| *s/ Byron Pitts*_____ | *s/Ryan Hugh Machasic*_____ |
| Attorney for Defendant Witort | Attorney for Defendant Drozdowski |
| 535 Griswold St., Ste. 1630 | 134 Market Street |
| Detroit, MI 48226 | Mount Clemens, MI 48043 |
| 313.964.72222 | 586.239.0071 |
| bpittslaw@sbcglobal.net | machasiclaw@gmail.com |