UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

            Plaintiff,

v.

SCOTT WILLIAM SUTHERLAND, et al.

            Defendants.

Case No. 11-CR-20129
Case No. 11-CR-20066

HON. ROBERT H. CLELAND

_____

**GOVERNMENT'S RESPONSE AND BRIEF OPPOSING DEFENDANTS' MOTION FOR MISTRIAL OR MOTION TO STRIKE EX. 16-15**

The United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney, SAIMA S. MOHSIN and ERIC M. STRAUS, Assistant United States Attorneys for the Eastern District of Michigan, and JEROME M. MAIATICO, Trial Attorney for the U.S. Department of Justice, hereby responds to defendant WITORT's motion, on behalf of all Trial Group 1 defendants, objecting to an exhibit and testimony regarding a polygraph report found during the search of a residence. WITORT claims that the mere reference to a polygraph report is unfairly prejudicial because the results are unreliable. WITORT's motion is meritless. The testimony regarding the polygraph report was not offered for the truth of the report's contents or results, and indeed, no testimony was offered about the results of the polygraph. Instead, the testimony –

that an FBI polygraph report of Mark Berman was found at Kenneth Roll's residence – was offered to show that members of the Devils Diciples Motorcycle Club (DDMC) physically collected and reviewed sensitive law enforcement documents for counter-surveillance purposes and for the purpose of identifying putative witnesses and government informants.  In addition, WITORT's motion is premature because counsel did not confer with the government before filing the motion.  Since the filing of this motion, the government has agreed not to admit Proposed Government Exhibit 16-15, the polygraph report, into evidence and not to publish its content to the jury. For these reasons, and those that follow in the appended brief, WITORT's motion should be denied.

## BRIEF IN SUPPORT

### Background

### A.    Factual and Procedural History

All the Trial Group 1 defendants were charged in a Third Superseding Indictment in Count 1: Racketeer Influenced Corrupt Organizations – Conspiracy, in violation of 18 U.S.C. §1962(d), among other charges.  The government alleges that the defendants were members of the Devil's Diciples Motorcycle Club, a violent racketeering enterprise. (Dkt # 72 at pp. 3-50.)  The government further alleges that one purpose of the DDMC enterprise was to:

> Protect the DDMC and its members from detection and prosecution by law enforcement authorities through acts of intimidation and

2

> violence against potential witnesses to crimes committed by the DDMC, and obstructing justice through the making of false statements, committing perjury and subornation of perjury.

(Dkt # 72 at pp. 10-11.)

On September 24, 2014, defendant SUTHERLAND filed a motion in limine regarding documents seized from the homes of Timothy Anjoski and Kenneth Roll and requested that the substance of the documents be redacted. (SUTHERLAND Mot., Dkt # 991.) SUTHERLAND's motion referred to the seized documents generally, but did not specifically identify the polygraph report of Mark Berman. The government conferred with counsel and attempted to obtain a stipulation to the admission of certain documents seized from the homes of DDMC members, including those documents referenced generally in SUTHERLAND's motion. (Tr. 10/27/14 at 218:1-11.) Unable to obtain a stipulation, the government raised the issue prior to the introduction of the documents and responded orally on the record to SUTHERLAND's motion. (*Id*. at 218:1-228:21.) The Court suggested that the parties consult further and attempt to reach an agreement on the redactions within the documents (*Id*. at 227:22-228:4) and a proper cautionary instruction (*Id*. at 228:13-21). Both parties agreed to confer, and therefore, the government reserved admission of the documents themselves and did not publish the substance of the documents to the jury.

3

On October 28, 2014, Agent William Fleming testified that an FBI polygraph report of Mark Berman was found at the home of Kenneth Roll. (Tr. 10/28/14 at 40:4-13.) Agent Fleming did not testify to the substance of the report or the results of the polygraph. (*Id.*) The polygraph report itself, Proposed Government Exhibit 16-15, was not moved into evidence and the results were not published to the jury. (*Id.*) Neither WITORT nor any other defendant objected to Agent Fleming's testimony regarding the polygraph report during the course of his testimony. Six days after Agent Fleming's testimony, WITORT filed the instant motion without prior consultation with or notice to the government. (WITORT Mot., Dkt # 1079.) At the time WITORT filed the motion, the government had been conferring with counsel about redacting the substance of certain documents, including the polygraph report.

## Standard of Review

The Sixth Circuit "has refused to impose a *per se* prohibition against polygraph evidence, and the mere mention of the words 'polygraph examination' does not entitle a defendant to a new trial." *United States v. Odom*, 13 F.3d 949, 957 (6th Cir. 1994) (citing *United States v. Barger*, 931 F.2d 359, 370 (6th Cir. 1991)). Evidence of a polygraph report is admissible in limited circumstances where it is (1) relevant, and (2) its probative value outweighs the risk of unfair prejudice. *Id.*

4

The Sixth Circuit has allowed the admission of polygraph evidence when offered for purposes other than establishing the truth or falsity of testimony. *See, e.g., United States v. Weiner*, 988 F.2d 629, 633 (admitting polygraph evidence, "not to prove that defendant had lied in his answers to the questions, but to show why he was no longer being used as an informant"); *Murphy v. Cincinnati Ins. Co.*, 772 F.2d 273, 277 (6th Cir. 1985) (admitting polygraph evidence to show individual's willingness to cooperate with investigation).

Other circuits also have allowed polygraph evidence when not offered for the truth of its results. *See, e.g., United States v. Allard*, 464 F.3d 529, 534 (5th Cir. 2006) ("[T]estimony concerning a polygraph examination is admissible where it is not offered to prove the truth of the polygraph result. . . ."); *United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir. 1988) (holding admissibility of polygraph examination hinges on the "purpose for which it is being introduced[]"); *United States v. Kampiles*, 609 F.2d 1233, 1244 (7th Cir. 1979) (holding that limited use of the polygraph evidence may be proper when party offering polygraph evidence did not assert accuracy of test results).

The Fifth Circuit has specifically approved of references to a polygraph report offered for the purpose of proving that the defendant was aware a co-conspirator was cooperating with the government. *United States v. Thevis*, 665 F.2d 616, 637 (5th Cir. 1982).

5

**Argument**

**THE COURT SHOULD DENY WITORT'S MOTION BECAUSE THE POLYGRAPH EVIDENCE IS RELEVANT TO SHOW THAT THE DEVILS DICIPLES COLLECTED AND REVIEWED DOCUMENTS TO IDENTIFY GOVERNMENT INFORMANTS AND THE LIMITED SCOPE OF THE ADMITTED EVIDENCE WAS NOT UNFAIRLY PREJUDICIAL**

WITORT's motion should be denied because Agent Fleming's testimony regarding the polygraph report is relevant and not unfairly prejudicial. *See Odom*, 13 F.3d at 957. The testimony – that an FBI polygraph report of Mr. Berman was found at Kenneth Roll's residence – was offered to show that members of the DDMC physically collected and reviewed sensitive law enforcement documents for counter-surveillance purposes and for the purpose of identifying putative witnesses and government informants. *See Thevis*, 665 F.2d at 637. This testimony is relevant to the RICO Conspiracy, 18 U.S.C. § 1962(d), and serves to prove elements that are necessary for conviction, including the existence of the DDMC's criminal enterprise and its manner and means of operation, co-conspirators' association with the DDMC, and predicate racketeering acts such as witness intimidation, witness tampering, and obstruction of justice.

The testimony regarding the polygraph report was not unfairly prejudicial because the testimony was limited in scope and was not offered for the truth of the report's contents or results. Indeed, no testimony was offered about the results of

6

the polygraph and the government does not intend to admit the physical report, Proposed Government Exhibit 16-15, into evidence.

WITORT's motion misses the mark because it focuses on the unreliability of polygraph *results*. (WITORT Mot. at 3-4.) Here, however, the results of Mr. Berman's polygraph were neither referenced nor offered into evidence, and the results have nothing to do with the purpose of introducing the limited testimony regarding the polygraph report. Agent Fleming's testimony regarding the polygraph was not offered for the purpose of establishing or negating Mr. Berman's credibility; it was offered to show that members of the DDMC physically collected and reviewed such sensitive law enforcement documents for nefarious reasons  WITORT argues that any reference to a polygraph report implies that the individual taking the exam is being truthful. (WITORT Mot. at 4.) This argument is baseless and at odds with Sixth Circuit precedent that allows polygraph references for other purposes. *See, e.g., Weiner*, 988 F.2d at 633; *Murphy,* 772 F.2d at 27.

Given WITORT's objection to the reference to the polygraph report, as well as the objections to other documents seized from homes of DDMC members, the government asks for a cautionary instruction regarding the limited purpose for the testimony and exhibits. Such an instruction would ameliorate any risk of unfair prejudice. The government conferred with counsel for defendant WITORT about

7

an appropriate instruction and was informed that WITORT opposes any instruction at all. The Court has previously provided cautionary instructions regarding the limited, non-hearsay purpose for the admission of these documents. The government proposes the following additional instruction, which provides specific guidance to the jury without highlighting references to the polygraph report itself:

> You heard testimony from Agent Fleming and saw exhibits regarding various law enforcement reports, legal pamphlets, news articles, and court documents seized from the residences of defendants and other individuals. These documents are not being offered for the truth of any statements or alleged facts contained within them. You cannot consider the documents for that purpose. They are being offered for the limited purpose of helping you decide whether these individuals physically collected and reviewed the documents, and if so, why they collected and reviewed such documents. You may only consider the documents for this limited purpose. You should not speculate about the truth of any statements or alleged facts in the documents or draw any conclusions about the results of any reports or investigations described within them.[1]

WITORT's motion should also be denied as premature because counsel did not confer with the government before filing the motion. Local Rule 7.1(a). Since the filing of this motion, the government has agreed not to admit Proposed Government Exhibit 16-15, the polygraph report, into evidence and not to publish its contents to the jury. The government conferred with counsel for defendant

---

[1] Within the next few trial weeks, the government plans to present additional exhibits of items seized from homes of DDMC members through the testimony of Agent Fleming. The government asks for the cautionary instruction following Agent Fleming's testimony.

8

WITORT was informed that WITORT still seeks a ruling from the Court on this matter.

## CONCLUSION

For all of the reasons stated above, WITORT's motion should be denied.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney


*S/Saima S. Mohsin*
SAIMA S. MOHSIN
ERIC M. STRAUS
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
Saima.Mohsin@usdoj.gov
Eric.Straus@usdoj.gov


JEROME M. MAIATICO
Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W.
Room 703
Washington, D.C. 20530
(202) 615-8125
jerome.maiatico@usdoj.gov

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

>s/ Jerome M. Maiatico
>Trial Attorney
>U.S. Department of Justice
>1301 New York Avenue, N.W.
>Room 703
>Washington, D.C. 20530
>(202) 615-8125
>jerome.maiatico@usdoj.gov